QUESTIONS:
1. Is the Canal Authority of the State of Florida existing under Part I of Ch. 374, F.S., a "special district" and therefore a "unit of local government" within the purview of Ch. 73-349, Laws of Florida?
2. Is the "Cross Florida Navigation District" existing under Part II, Ch. 374, F.S., a "special district" and therefore a "unit of local government" within the purview of Ch. 73-349, Laws of Florida?
3. Are navigation districts existing under Part III, Ch. 374, F. S., "special districts" and therefore "units of local government" within the purview of Ch. 73-349, Laws of Florida?
SUMMARY:
The Canal Authority of the State of Florida is a unit of state government and therefore not a "unit of local government" within the purview of Ch. 73-349, Laws of Florida. On the other hand, the Cross Florida Navigation District and navigation districts created under Part III of Ch. 374, F.S., are local units of special government created pursuant to general or special law for the purpose of performing prescribed specialized functions within limited boundaries and thus "unit[s] of local government" within the meaning of s. 218.31(1), F.S., and subject to the requirements of ss. 218.32(1), 218.33, and 218.34, F.S.
Question 1 is answered in the negative. Questions 2 and 3 are answered in the affirmative.
AS TO QUESTION 1:
Section 218.31, F.S., reads, in relevant portion:
"As used in this part, except where the context clearly indicates a different meaning: (1) "Unit of local government" means a county, municipality or special district. * * * * * (5) "Special district" means a local unit of special government, except county school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries. (6) "Dependent special district" means a special district whose governing head is the local governing authority, ex officio or otherwise, or whose budget is established by the local governing authority. (7) "Independent special district" means a special district whose governing head is an independent body, either appointed or elected, and whose budget is established independently of the local governing authority, even though there may be appropriation of funds generally available to a local governing authority involved."
Section 218.32(1), F.S., reads, in relevant portion:
"(1) Every unit of local government shall submit a copy of a financial report covering their operations during the preceding fiscal year within ninety days after the close of the fiscal year. . . .
Section 218.33, F.S., reads, in relevant portion:
(1) Every unit of local government shall begin its fiscal year on October 1 of each year and end it on September 30. (2) The department is empowered and authorized to make such reasonable rules and regulations regarding uniform accounting practices and procedures by units of local government in this state, including a uniform classification of accounts, as it deems necessary to assure the use of proper accounting and fiscal management techniques by such units."
Section 218.34, F.S., reads, in relevant portion:
"(1) The governing body of each special district shall make appropriations for each fiscal year which, in any one year, shall not exceed the amount to be received from taxation and other revenue sources. It shall be unlawful for any officer of a special district to draw money from the treasury except in pursuance of appropriation made by law. * * * * * (5) Each special district shall make provision for annual postaudit of its financial accounts in accordance with the rules of the department."
The Canal Authority of the State of Florida is created by s. 374.011, F.S., as a body corporate to operate under the "supervision of the Department of Natural Resources." Pursuant to the Governmental Reorganization Act of 1969, Ch. 69-106, Laws of Florida, s. 20.25(6), F.S., the Canal Authority was transferred to the Department of Natural Resources by a "type one" transfer. A so-called type one transfer is set out in s. 20.06(1), F.S.:
"(1) TYPE ONE TRANSFER. — A type one transfer is the transferring intact of an existing agency or of an existing agency with certain identifiable programs, activities, or functions transferred or abolished so that the agency becomes a unit of a department. Any agency transferred to a department by a type one transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department."
"Department" is defined in s. 20.03(2), F.S., as a "principal administrative unit within the executive branch of state government."
Thus, the Canal Authority was created as a corporate authority of the State of Florida as an agency of the state, AGO 062-160, and was transferred intact into the Department of Natural Resources as a unit of that state governmental agency. In addition, it should be noted that the financing is by revenue bond, the excess of which, if any, goes into the state treasury, not the treasury of a unit of local government. Sections 374.061 and 374.111, F.S.
This authority therefore is, in my opinion, a unit of state government and an agency of the state and is not a unit of local government within the purview of Ch. 73-349, Laws of Florida, and is not subject to the requirements of s. 218.32(1), s. 218.33, or s. 218.34, F.S.
AS TO QUESTION 2:
The "Florida Navigational District," created by Part II of Ch.374, F.S., was also subject to a transfer under the Reorganization Act of 1969 (Ch. 69-106, Laws of Florida). Section 20.25(5), F.S., states:
"(5) The supervisory powers, duties, and functions of the State Board of Conservation relating to navigation districts, prescribed in parts II and III, chapter 374, are transferred by a type four transfer to the Department of Natural Resources, and the functions shall be assigned to the Division of Interior Resources."
A type four transfer is described in s. 20.06(4) as "the merging of an identifiable program, activity, or function of an existing agency into a department."
It should be noted that s. 20.25(5), F.S., operated to transfer "the supervisory powers, duties, and functions of the state board of conservation relating to navigation districts." Also of importance are the facts that the navigational district may issue bonds only on the authority of the qualified voters in the district (s. 374.411, F.S.) and levy taxes on taxable property within the district (s. 374.501(1), F.S.), and that proceeds of the sale of surplus lands acquired by the Canal Authority of Florida with funds provided by the district are to be paid to the counties comprising the district in proportion to the contribution of each county to the district and not to the state (s. 374.501[4], F.S.). Thus, the navigation district would appear to be a local unit of special government created pursuant to general or special law for the purpose of performing prescribed specialized functions within limited boundaries and therefore to be a "unit of local government" under s. 218.31(1), F.S., and subject to the requirements of ss. 218.32(1), 218.33, and 218.34, F.S.
AS TO QUESTION 3:
Navigational districts existing under Part III of Ch. 374, F.S., were transferred by the Reorganization Act of 1969 in the same manner as those under Part II. Sections 20.25(5) and 20.06(4), supra. Similar to the Part II districts, these districts are local in nature and perform specialized functions in a defined area (ss. 374.75 and 374.76, F.S.). The issuance of bonds is subject to approval by referendum of the qualified electors of the district (s. 374.85, F.S.); and taxes may be levied on property within the district (s. 374.92, F.S.). Thus, these districts would also appear to be local units of special government created pursuant to general and special law for the purpose of performing prescribed specialized functions within limited boundaries and therefore to be "unit[s] of local government" under s. 218.31(1), F.S., subject to ss. 218.32(1), 218.33, and 218.34, F.S.